UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN SHABAZZ PALMER,

Plaintiff,

-against-

CITY OF NEW YORK; NYC
DEPARTMENT OF CORRECTIONS,

Defendants.

22-CV-5333 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the Anna M. Kross Center (AMKC) on Rikers

Island, brings this *pro se* action alleging that Defendants violated his rights. The Court construes

the complaint as asserting constitutional claims under 42 U.S.C. § 1983. Named as Defendants

are the City of New York and the New York City Department of Correction (DOC). By order

dated July 6, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that

is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave

to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572
F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"
*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks
and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff states that the events giving rise to his claims occurred on "03-22-22, 05-18-22,
05-05-22 and etc." (ECF 2, at 4.) The complaint is confusing and much of it is devoted to
describing incidents that occurred to other Rikers inmates.[2] The following allegations are taken
from the complaint and are limited to those incidents and events that directly involve Plaintiff.
On May 5, 2022, the mailroom withheld Plaintiff's mail that Plaintiff believes will "exonerate"
him. (*Id.* at 4.) Although it is unclear whether Plaintiff is referring to the same incident, he
accuses unspecified individuals of "maliciously intentional/negligently witholding priviledge
mail and mail with evidence that could've exonerate him from [his] pending case." (*Id.* at 5.)

On May 18, 2022, Plaintiff put a "letter with a motion" in the mail and it "sat in the
Bubble for 6 days and more" even though Plaintiff alerted jail officials. (*Id.* at 4.) He alleges that
officers follow an "unwritten policy since 03-22-22 on the first test." (*Id.*) Plaintiff further

---

[2] For example, Plaintiff states,

Mr. Andre Antrobus warned us for months it happen too him 4 times in the past
that D-O-C- employees from captains, officers and staff threaten him by orders of
the D.A. to deny mail, phone, law library and etc! Also taken evidence from him
that we witness 25 D-O-C employees threaten him also taken his evidence for 4
months that would exonerate him from false charges which is a due process
violation!!

(ECF 2, at 4) (all errors in original throughout).

2

alleges that his mail "got food and water stains on it," (*id.* at 4), and he accuses unspecified

individuals of "destroying the contents" of his mail by "wetting it," (*id.* at 5.)

Plaintiff seeks money damages.

## DISCUSSION

The Court construes Plaintiff's allegations as asserting claims under 42 U.S.C. § 1983

that Defendants violated his First Amendment right of access to the courts and tampered with his

mail. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by

the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49

(1988).

### A.       Claims against the New York City Department of Correction

Plaintiff's claims against the DOC must be dismissed because an agency of the City of

New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and

proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City

of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited

from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against DOC

for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.       Constitutional claims

The Court liberally construes Plaintiff's claims that Defendants interfered with his mail

as arising under the First Amendment. A prisoner's First Amendment rights encompass the right

to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and

outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351

(2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)).

Plaintiff's allegations concerning his legal mail implicate both an access-to-courts claim and a general mail tampering claim.

1.    Access-to-courts Claim

Prisoners have "a constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 420 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92–93 (2d Cir. 2004) (quoting *Bounds,* 420 U.S. at 821, 828). Assistance from prison authorities, however, is "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996) (internal quotation marks omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks omitted); *see also Christopher Harbury*, 536 U.S. 403, 415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415. A mere "delay in being able to

work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)).

Here, to the extent Plaintiff is alleging that Defendants interfered with his legal mail, he does not allege the existence of a valid underlying cause of action that he was prevented from litigating due to Defendants' actions. Plaintiff's allegations that his mail contained information that would exonerate him suggest that he may be implying that his criminal case was hindered as a result of delays or withholding of his mail. Plaintiff is represented by counsel in his criminal case, however, and he fails to allege any facts explaining why his counsel would be unable to assert any claims on Plaintiff's behalf. *See Bourdon*, 386 F.3d at 98 ("[W]hen a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts.") Because Plaintiff does not allege the existence of a valid underlying cause of action and does not explain why his defense attorney could not press his argument for exoneration in his criminal case, he fails to state an access-to-courts claim under the First Amendment.

2.    Mail-tampering Claim

To state a claim based on general mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. As few as two incidents of mail tampering, however, may constitute a First Amendment violation if indicative of "regular" and

"unjustifiable" interference with a prisoner's mail. *Id.* at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that Defendants interfered with his mail in a manner that rises to the level of a constitutional violation. He alleges one incident where his mail was "withheld," and another incident in which a motion he placed in the mail was held in the "bubble" for "6 days." (ECF 2, at 4.) He also alleges, without providing any dates or other specific facts, that his mail had food and water stains on it and that an unspecified individual "destroyed" the contents of his mail by "wetting it and etc." (*Id.* at 5.) Plaintiff's allegations do not suggest that Defendants subjected him to regular and unjustifiable interference with his mail or that such interference affected his ability to access the courts. Moreover, Plaintiff does not name as defendants the individual DOC officers whom he alleges interfered with his mail.

The Court grants Plaintiff leave to file an amended complaint naming as defendants the individual DOC officers whom he alleges violated his rights and alleging additional facts to state a Section 1983 access-to-the-court or mail tampering claim.

## C.  Claims against the City of New York

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or

practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges that another detainee, Andre Antrobus, has also been subjected to mail tampering, and that correction officers follow an "unwritten policy since 03-22-22." (*See* ECF 2, at 4.) Plaintiff alleges no facts about the nature of the alleged policy. Even when read with the "special solicitude" afforded *pro se* litigants, *Triestman*, 470 F.3d at 475, Plaintiff's vague allegations are insufficient to plausibly suggest that the City of New York has a policy, custom, or practice of unconstitutionally tampering with detainees' mail.

Furthermore, because Plaintiff has failed to allege an underlying constitutional violation, it follows that he does not state a Section 1983 claim for municipal liability against the City of New York. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under [Section 1983] was entirely correct.").

The Court grants Plaintiff to amend his claims to provide any additional facts in support of his claim against the City of New York.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his access-to-court and mail tampering claims, and to allege additional facts suggesting that the City of New York has a policy, practice, or custom that resulted in a violation of his rights. First, Plaintiff must name as defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(b)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-5333 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to

comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 1, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes     ☐ No
(check one)

\_\_\_ **Civ.** _____ (    )

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                      ID#_____
                      Current Institution_____
                      Address_____
                      _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                              Where Currently Employed _____
                              Address _____
                              _____

Defendant  No. 2     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant  No. 4     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

**What happened to you?**

_____

_____

_____

*Rev. 01/2010*                        2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____   No _____   Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____   No _____   Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____   No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____   No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
           _____

           _____

        2.      What was the result, if any?
           _____

           _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
           _____
           _____
           _____

_____
_____
_____

2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:     You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*           5

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____  3.    Docket or Index number _____

_____  4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____  3.    Docket or Index number _____

_____  4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.  Is the case still pending?  Yes _____   No _____
    If NO, give the approximate date of disposition_____

7.  What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
    _____
    _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

                 Signature of Plaintiff   _____

                 Inmate Number   _____

                 Institution Address   _____

                                     _____

                                       _____

                                       _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                 Signature of Plaintiff:   _____